Marlene M. Moffitt CA Bar No. 223658
marlene.moffitt@ogletree.com
Brett R. Tengberg CA Bar No. 318436
brett.tengberg@ogletree.com
Stephen A. Dolar CA Bar No. 339637
stephen.dolar@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA  92122
Telephone:  858-652-3110
Facsimile:    858-652-3101

Attorneys for Defendants BG CALIFORNIA
MULTIFAMILY STAFFING, INC. and BG
CALIFORNIA IT STAFFING, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANA ZELAYA, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>BG CALIFORNIA MULTIFAMILY STAFFING, INC., a corporation; BG CALIFORNIA IT STAFFING, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. **'25CV0705 H     SBC**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**<br><br>[28 U.S.C. § 1332(d) (Class Action Fairness Act)]<br><br>Complaint Filed: February 19, 2025<br>Removal Date:<br>Trial Date:        None Set |

## **TABLE OF CONTENTS**

I.    STATE COURT ACTION ...................................................................... 1

II.   REMOVAL IS TIMELY ...................................................................... 1

III.  REMOVAL IS PROPER UNDER CAFA ........................................... 2

    A.    CAFA's Diversity of Citizenship Requirement Is Satisfied .................................................................................. 3

    B.    CAFA's Class Size Requirement Is Satisfied ............................. 4

    C.    CAFA's Amount in Controversy Requirement Is Satisfied .................................................................................. 4

        1.    Alleged Meal Period Violations ........................................ 5

        2.    Alleged Rest Period Violations ......................................... 6

        3.    Waiting Time Penalties ..................................................... 6

        4.    Wage Statement Penalties ................................................. 8

        5.    Attorney's Fees ................................................................. 9

    D.    Summary ...................................................................................... 10

IV.   VENUE IS PROPER IN THIS COURT ............................................ 10

V.    THIS COURT HAS SUPPLEMENTAL MATTER JURISDICTION .................................................................................. 11

44.   AS SET FORTH ABOVE, THIS ACTION IS REMOVABLE UNDER 28 U.S.C. § 1332(D). ........................................................ 11

VI.   THE REMAINING REMOVAL REQUIREMENTS ARE SATISFIED ............................................................................................ 11

VII.  CONCLUSION .................................................................................... 11

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                           **Page(s)**

*Byrd v. Masonite Corp.*,
  2016 WL 2593912 (C.D. Cal. May 5, 2016).....................................................7

*Campbell v. Vitran Exp., Inc.*,
  471 Fed. Appx. 646 (9th Cir. 2012) ............................................................5

*Garibay v. Archstone Communities LLC*,
  539 F. App'x 763 (9th Cir. 2013).................................................................9

*Harris v. Bankers Life and Cas. Co.*,
  425 F.3d 689 (9th Cir. 2005) .......................................................................1

*Henry v. Cent. Freight Lines, Inc.*,
  692 F. App'x 806 (9th Cir. 2017) .................................................................4

*Hertz Corp. v. Friend*,
  130 S. Ct. 1181 (2010)..................................................................................3

*Ibarra v. Manheim Investments, Inc.*,
  775 F.3d 1193 (9th Cir. 2015) .....................................................................4

*Mackall v. Healthsource Glob. Staffing, Inc.*,
  No. 16-CV-03810-WHO, 2016 WL 4579099 (N.D. Cal. Sept. 2,
  2016)..............................................................................................................5

*Moppin v. Los Robles Reg'l Med. Ctr.*,
  2015 WL 5618872 (C.D. Cal. Sept. 24, 2015)...........................................7

*Pineda v. Bank of America, N.A.*,
  50 Cal. 4th 1389 (2010)...............................................................................7

*Rodgers v. Central Locating Service, Ltd.*,
  2006 U.S. Dist. LEXIS 6255 ........................................................................3

*Roth v. CHA Hollywood Medical Center, L.P.*,
  720 F.3d 1121 (9th Cir. 2013) .....................................................................2

*Rwomwijhu v. SMX, LLC*,
  No. CV1608105ABPJWX, 2017 WL 1243131 (C.D. Cal. Mar. 3,
  2017)..............................................................................................................9

Case No.

1
2      *Sanchez v. Russell Sigler, Inc.*,
           No. CV1501350ABPLAX, 2015 WL 12765359 (C.D. Cal. Apr. 28,
3          2015) ............................................................................................................. 9

4      *Thompson v. Target Corporation*,
           No. 16-839, 2016 WL 4119937 (C.D. Cal. Aug. 2, 2016) ................................ 11
5
6      *Torrez v. Freedom Mortgage, Corp.*,
           2017 WL 2713400 (C.D. Cal. June 22, 2017) ................................................... 7
7
       *Unutoa v. Interstate Hotels & Resorts, Inc.*,
8          No. 2:14-CV-09809-SVW-PJ, 2015 WL 898512 (C.D. Cal. Mar. 3,
9          2015) ............................................................................................................. 5

10     **Statutes and Other Authorities**

11     28 U.S.C. § 84(d) .............................................................................................. 10

12     28 U.S.C. § 1332(d) ................................................................................ 1, 2, 4, 11

13     28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a) and (b) ...................................... 3
14
15     28 U.S.C. § 1332(d)(10) ....................................................................................... 3

16     28 U.S.C. § 1367 ............................................................................................... 11

17     28 U.S.C. § 1441(a) .......................................................................................... 10

18     28 U.S.C. § 1446 ............................................................................................ 1, 2

19     28 U.S.C. § 1446(a) ...................................................................................... 10, 11

20     28 U.S.C. section 1446(b) ............................................................................... 1, 10
21
22     28 U.S.C. §1446(d) ....................................................................................... 10, 11

23     Class Action Fairness Act ("CAFA") ................................................................*passim*

24     Cal. Civ. Code § 340(a) ...................................................................................... 9

25     California Labor Code § 203 ................................................................................ 6

26     California Labor Code section 226 ....................................................................... 8

27     Labor Code § 226(a) ........................................................................................... 8
28

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

Labor Code § 226(e) .................................................................................... 8, 9

Federal Rule of Civil Procedure 6(a) ................................................................ 10

Defendants BG CALIFORNIA MULTIFAMILY STAFFING, INC. and BG CALIFORNIA IT STAFFING, INC. (together, "Defendants") remove this action to the United States District Court for the Southern District of California under 28 U.S.C. § 1332(d) (the Class Action Fairness Act ["CAFA"]) and § 1446 because (1) Plaintiff and other members of the putative class are citizens of a State different from any defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied here.

## I.    STATE COURT ACTION

1.      Plaintiff filed her Complaint on February 19, 2025, in San Diego County Superior Court ("Action"). The Action was assigned Case No. 25CU009110C. (Declaration of Marlene Moffitt ["Moffitt Decl."], ¶ 2.)

2.      Plaintiff served both Defendants with their Complaint on February 28, 2025. (Moffitt Decl., ¶ 3; Ex. 1-2, Complaint.) Defendants then filed their Answer to Plaintiffs' Complaint in the San Diego County Superior Court on March 20, 2025. (Moffitt Decl., ¶ 4; Ex. 3, Answer.)

## II.    REMOVAL IS TIMELY

3.      The time to remove under 28 U.S.C. section 1446(b) does not begin to run until receipt by the defendant, through service or otherwise, of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Harris v. Bankers Life and Cas. Co*., 425 F.3d 689, 694 (9th Cir. 2005). Here, the four corners of the Complaint do not provide readily ascertainable grounds for removal. The Complaint does not allege sufficient facts to calculate the amount in controversy with reasonable certainty as to the individually named plaintiff or as to the putative class. Nor does the Complaint allege any claim under federal law. Accordingly, as mentioned, it is not possible to ascertain from the Complaint that this case is removable, and, to date, Defendants have not received any other document which would constitute an "other pleading, motion, order or other

paper" providing this missing information.  (Moffitt Decl. ¶ 5.)  Accordingly, the time to remove this action has not yet begun.  Where the time to remove has not yet expired, a defendant may remove at any time if it uncovers evidence establishing that the case is removable.  *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).  As set forth below, Defendants have only recently discovered such evidence after an arduous collection and review of all records of potential class members and a complex analysis of the estimated damages allocated to each cause of action.  Therefore, Defendants are timely removing this case based on that discovery.

4.    Even if it could be determined from the four corners of the Complaint that this action is removable, this Notice of Removal would still be timely.   The Complaint and Summons were served on Defendants on February 28, 2025. (Moffitt Decl.,¶3.) As such, the time to remove could not expire, at the earliest, until March 31, 2025, the court day that is 30 days after service of the Complaint and Summons. This Notice is therefore timely as it was filed before that date.

**III.    REMOVAL IS PROPER UNDER CAFA**

5.    The Complaint asserts the following claims on a class-wide basis: (1) unfair competition; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) failure to provide accurate wage statements; (7) failure to reimburse work expenses; and (8) failure to pay sick pay.

6.    CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes in the aggregate is over 100; and where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes such removal under 28 U.S.C. § 1446.

7.    This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as class action wherein at least one member of the putative class

of plaintiffs is a citizen of a state different from Defendants, the number of individuals in Plaintiffs' proposed classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

### A.   CAFA's Diversity of Citizenship Requirement Is Satisfied

8.      CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a) and (b); *Rodgers v. Central Locating Service, Ltd*., 2006 U.S. Dist. LEXIS 6255, *7-*8.

9.      Under 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." The Supreme Court has held the principal place of business is best read as referring to the place where a company's officers direct, control, and coordinate its activities. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). The Court further clarified the principal place of business was the place where a company "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

10.    At all relevant times, Plaintiff or the putative class have been residents of California. (Ex. 1, Complaint, ¶¶ 5-6.)

11.    Defendant BG California Multifamily Staffing, Inc. is a corporation organized under the laws of the State of Delaware and has its principal place of business in Plano, Texas. Its executive management has directed, controlled, and coordinated its activities from there. BG California IT Staffing, Inc. has not been organized under the laws of California nor had its principal place of business in California. (Declaration of Janel Hunt ["Hunt Decl."], ¶ 3.)

12.    Defendant BG California IT Staffing, Inc. is a corporation organized under the laws of the State of Delaware and has its principal place of business in Plano, Texas. Its executive management has directed, controlled, and coordinated its activities from there. BG California IT Staffing, Inc. has not been organized under the

1    laws of California nor had its principal place of business in California. (Hunt Decl., ¶
2    4.)

3         13.    Minimal diversity is established because, at all relevant times, Plaintiff or
4    the putative class have been citizens of California and Defendants have not.

5            **B.**   **CAFA's Class Size Requirement Is Satisfied**

6         14.    Plaintiff sues on behalf of herself and a proposed class of people currently
7    and formerly employed by BG California Multifamily Staffing, Inc. and/or BG
8    California lT Staffing, Inc. classified as non-exempt employees, in the State of
9    California from February 19, 2021 (four years prior to the filing of the Complaint),
10    through final disposition of the Action (the "putative class"). (Ex. 1, Complaint, ¶ 6.)

11         15.    From February 19, 2021, through the present, BG California Multifamily
12    Staffing, Inc. has employed, in the aggregate, over 100 individuals who fall into the
13    definition of the putative class. (Hunt Decl., ¶ 5.) The jurisdictional minimum is thus
14    satisfied.

15            **C.**   **CAFA's Amount in Controversy Requirement Is Satisfied**

16         16.    CAFA authorizes the removal of class action cases in which the amount
17    in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

18         17.    For purposes of removal, "[t]he court accepts the allegations in the
19    complaint as true and assumes the jury will return a verdict in the plaintiff's favor on
20    every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017);
21    citing, *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012). In
22    determining whether the amount in controversy requirement is met, "the sum claimed
23    by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v.*
24    *Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul*
25    *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

26         18.    As shown below, Plaintiffs claim the amount in controversy is well above
27    the $5,000,000 jurisdictional minimum.

28

1

### 1.   Alleged Meal Period Violations

2   19.   Plaintiff alleges Defendants had a policy and practice of depriving

3   Plaintiff and the putative class of legally compliant meal breaks or premiums in lieu

4   thereof. (Ex. 1, Compl., ¶ 7, 13, 51, 53, 88—90.) For these violations, Plaintiff seeks

5   to recover on behalf of herself and other putative class members one hour of pay for

6   each workday in which a legally compliant meal period was not provided. (*Id.*, at ¶

7   54.)

8   20.   Based on Defendant BG California Multifamily Staffing, Inc.'s records,

9   the number of putative class members between February 19, 2021, to the date of this

10   Notice is 1,833. Those employees worked a total of 39,743 weeks and had an average

11   hourly rate of pay of $22.57. (Hunt Decl., ¶ 5.)

12   21.   Based on Plaintiff's allegations, Defendants' calculation of Plaintiff's

13   claim for meal period violations is **$896,991.51** ($22.57 avg. hourly rate x 1 violation

14   x 39,743 weeks). The calculation conservatively assumes each employee incurred one

15   meal period violation each workweek.

16   22.   When determining the amount placed in controversy by a plaintiff's

17   allegations regarding a common practice of meal period violations like those alleged

18   by Plaintiff in the Complaint, an estimate of one meal period violation for every week

19   of work is both reasonable and conservative. *See, e.g., Campbell v. Vitran Exp., Inc.*,

20   471 Fed. Appx. 646, 649 (9th Cir. 2012); *Mackall v. Healthsource Glob. Staffing, Inc.*,

21   No. 16-CV-03810-WHO, 2016 WL 4579099, at *5 (N.D. Cal. Sept. 2, 2016)

22   (acknowledging that multiple decisions have recognized assumptions of one missed

23   meal period per week as "reasonable in light of policy and practice allegations");

24   *Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-CV-09809-SVW-PJ, 2015 WL

25   898512, at *3 (C.D. Cal. Mar. 3, 2015) (approving of defendant's assumption that class

26   members missed one required meal period per week).

27

28

## 2.    <u>Alleged Rest Period Violations</u>

23.    Plaintiff also alleges Defendants had a policy and practice of depriving Plaintiff and the putative class of legally compliant rest breaks or premiums in lieu thereof. (Ex. 1, Compl., ¶ 7, 14, 51, 55, 92—94.) For these violations, Plaintiff seeks to recover on behalf of herself and other putative class members one hour of pay for each workday in which a legally compliant meal period was not provided. (*Id.*, at ¶ 55, 94.)

24.    Based on Plaintiff's allegations, Defendants' calculation of Plaintiff's claim for rest period violations is **$896,991.51** ($22.57 avg. hourly rate x 1 violation x 39,743 weeks). This computation is based on corporate business records from Defendant BG California Multifamily Staffing, Inc. that show putative class members have worked 39,743 weeks since February 19, 2021, and at an average regular rate of $22.57 per hour. (Hunt Decl., ¶ 5.) The calculation conservatively assumes each individual incurred one rest period violation for every workweek. For the reasons set forth above in paragraph 22, this assumption is both conservative and reasonable and regularly accepted by courts.

## 3.    <u>Waiting Time Penalties</u>

25.    Plaintiff alleges waiting time penalties under California Labor Code § 203 on behalf of herself and putative class members. Plaintiff alleges that as a "pattern and practice," Defendants regularly failed to pay Plaintiff and the putative class "their correct wages and accordingly owe waiting time penalties under Section 203." (Ex. 1, Compl.,¶ 20, *see also id.*, ¶¶ 73, 87.) Plaintiff also alleges waiting time penalties are owed because Defendants "routinely underpay[] sick pay wages and thus did not timely pay . . . all owing and underpaid sick pay wages." (Ex. 1, Complaint, ¶ 108; *see also id.*, at ¶ 11.)

26.    California Labor Code § 203 provides that "[i]f an employer willfully fails to pay… any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate

until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

27. A three-year statutory period applies to Plaintiffs' claim for waiting time penalties. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010).

28. From February 19, 2022 (three years from the date of filing of the Complaint), through the date of this Notice, Defendant BG California Multifamily Staffing, Inc.'s records show there were at least 553 individuals whose employment terminated. (Hunt Decl., ¶ 6.) Thus, the amount in controversy for waiting time penalties is at least **$2,995,490.40** ($22.57 average hourly rate x 8 hours x 30 days x 553 former employees).

29. This calculation assumes every employee terminated during the statutory period experienced at least one wage/hour violation and, therefore, was not paid certain alleged wages due. This assumption is reasonable and has been accepted by courts especially where, as here, Plaintiff alleges a laundry list of potential wage/hour violations. *Moppin v. Los Robles Reg'l Med. Ctr.*, 2015 WL 5618872 at *4 (C.D. Cal. Sept. 24, 2015); *Byrd v. Masonite Corp.*, 2016 WL 2593912 at **2-3 (C.D. Cal. May 5, 2016); *Torrez v. Freedom Mortgage, Corp.*, 2017 WL 2713400 at *4 (C.D. Cal. June 22, 2017). As in *Byrd*, Plaintiff here has alleged a broad, uniform policy of multiple Labor Code violations, 2016 WL 2593912 at *3, and fails to assert any different rate of violation or submit evidence indicating a different rate of violation, *Id.* And similar to *Moppin*, Plaintiff alleges Defendants have engaged in a pattern of wage and hour violations and maintained unlawful practices and policies, in violation of state wage and hour laws. (Ex., 1, Compl., ¶¶ 7, 20, 50—60.) In *Torrez*, the Court concluded that the Complaint alleged a 100% violation rate for waiting time penalties by alleging "during the relevant time period, [defendant] intentionally and willfully failed to pay Plaintiffs and the other class members who are no longer employed by [defendant] their wages, earned and unpaid, within seventy-two hours of their leaving [defendant's] employ." 2017 WL 2713400 at *4. Similarly here, Plaintiff alleges that

"As a pattern and practice, [Defendants] regularly failed to pay Plaintiff and other members of the California Class their correct wages and accordingly owe waiting time penalties . . ."  (*Id*., at ¶ 20.)

### 4.    <u>Wage Statement Penalties</u>

30.    Plaintiff's Sixth Cause of Action seeks penalties under California Labor Code section 226 for failure to provide accurate written wage statements.  (Complaint ¶¶ 96-99.)  Plaintiff alleges that Defendants failed to comply with Labor Code § 226(a) on wage statements. (*Id.*, at ¶ 97.)  In particular, Plaintiff alleges the wage statements failed to comply with Labor Code section 226(a) because they failed to provide "complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned."  (*Id*., at 98)  Plaintiff's Sixth Cause of Action also incorporates by reference all of Plaintiff's allegations and causes of action. (*Id.*, at ¶ 96.)  Therefore, the Court can reasonably assume the alleged wage statement deficiencies also include derivative liability based on alleged rest and meal period violations and unpaid overtime.

31.    As noted above, for purposes of calculating the amount-in-controversy, the Court can assume each putative class member experienced one meal period violation and one rest period violation per week.  On those assumptions, each putative class member would be owed at least one meal period premium and one rest period premium for each week worked.  As these wages were allegedly not paid to them, they did not appear on the wage statement issued to them.  Therefore, according to Plaintiff (which Defendants deny), each wage statement issued to putative class members during the relevant time period did not accurately state all gross and net wages earned, or all hours worked.

32.    The Labor Code provides for a penalty of $50.00 for the initial pay period in which a violation of section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of section 226(a) occurred, not to exceed an aggregate penalty of $4,000.00 per class member.  Labor Code § 226(e).

33.     The applicable statute of limitations to recover penalties under California Labor Code section 226(e) is one year.  Cal. Civ. Code § 340(a).  From February 19, 2024, to the present, Defendant BG California Multifamily Staffing, Inc.'s records show it employed at least 500 putative class members who received at least 10,922 wage statements. (Hunt Decl., ¶ 7.)

34.     Therefore, based on Plaintiff's allegations, the amount in controversy for this claim is **$1,067,200** ([500 initial wage statements x $50 initial penalty] + [10,422 subsequent wage statements x $100 subsequent penalty]).

### 5.     <u>Attorney's Fees</u>

35.     Based on the above claims and without taking into account Plaintiff's other claims or the employees of Defendant BG California IT Staffing, Inc.,[1] Defendants have demonstrated at least **$5,856,689.42** is in controversy.

36.     Plaintiff also seeks attorney fees. (Ex. 1, Complaint, Prayer for Relief, ¶ 3.) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases.  *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Sanchez v. Russell Sigler, Inc.*, No. CV1501350ABPLAX, 2015 WL

---

[1] Plaintiff also alleges claims for unpaid minimum and overtime wages, unpaid sick pay, and unreimbursed business expenses. Plaintiff also asserts all of her claims on behalf of Defendant BG California IT Staffing, Inc.'s employees, whom Defendants have excluded from the calculations herein. Defendants reserve the right to include alleged damages for these other claims and employees into the amount in controversy under CAFA, should it be needed.

12765359, at *7 (C.D. Cal. Apr. 28, 2015) (same). Here, a 25% recovery for attorney's fees would be **$1,464,172.36** ($5,856,689.42 x .25), for a total of **$7,320,861.78**.

### D.    Summary

37.    Even excluding Plaintiff's other claims and the employees of Defendant BG California IT Staffing, Inc., Plaintiff's allegations satisfy the $5,000,000 threshold for purposes of removal under CAFA. Even the most conservative of estimated recoveries for Plaintiff's additional claims pushes the amount in controversy further over the $5,000,000 threshold.

| Meal Break violations | $896,999.51 |
|---|---|
| Rest Break violations | $896,999.51 |
| Waiting Time Penalties | $2,995,490.40 |
| Wage Statement Penalties | $1,067,200.00 |
| Attorney fees | $1,464,172.36 |
| **Total** | **$7,320,861.78** |

## IV.    <u>VENUE IS PROPER IN THIS COURT</u>

38.    Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of San Diego is within the Southern District of California. 28 U.S.C. § 84(d). As such, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

39.    Under 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the Declarations of Janel Hunt and Marlene M. Moffitt, and Exhibits 1 to 3, which constitute a copy of all processes, pleadings, and orders provided to Defendants.

40.    As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as Plaintiff served Defendants on February 28, 2025.

41.    As required by 28 U.S.C. §1446(d), Defendants provided notice of removal to Plaintiffs through their attorneys of record.

42.     As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of San Diego.

43.     If this Court has a question regarding the propriety of this Notice of Removal, Defendants respectfully requests it issue an Order to Show Cause so it may have an opportunity to provide additional briefing on the grounds for this removal.

## V.     <u>THIS COURT HAS SUPPLEMENTAL MATTER JURISDICTION</u>

44.     As set forth above, this action is removable under 28 U.S.C. § 1332(d).

45.     To the extent this Court would not otherwise have jurisdiction over any claim asserted in the Complaint, it may exercise supplemental jurisdiction over such a claim pursuant to 28 U.S.C. § 1367.  *Thompson v. Target Corporation*, No. 16-839, 2016 WL 4119937, at *12 (C.D. Cal. Aug. 2, 2016) ("Plaintiff's PAGA and class claims concern the same misconduct by Defendant and the PAGA claims are therefore properly within the Court's supplemental jurisdiction.").

## VI.     <u>THE REMAINING REMOVAL REQUIREMENTS ARE SATISFIED</u>

46.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders provided to or from Defendants (if any) are attached hereto as Exhibits.

47.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel of record for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in the County of San Diego and with the Clerk of the Southern District of California.

## VII.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants remove the above-entitled action to the United States District Court for the Southern District of California.

1

2    DATED: March 26, 2025          OGLETREE, DEAKINS, NASH, SMOAK &
                                    STEWART, P.C.

3

4

5                                   By: */s/ Marlene M. Moffitt*
                                        Marlene M. Moffitt
6                                       Brett R. Tengberg
                                        Stephen A. Dolar
7                                       Attorneys for Defendants BG
                                        CALIFORNIA MULTIFAMILY
8                                       STAFFING, INC. and BG CALIFORNIA
                                        IT STAFFING, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.
DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

88420987.v2-OGLETREE
88420987.v3-OGLETREE